**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SILVIA AMARILIS LAPOYEU JUAREZ; MILAN NOEL LOPEZ LAPOYEU, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2238 <br> Agency Nos. <br> A215-879-830 <br> A215-879-831 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 22, 2024**
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Silvia Amarilis Lapoyeu Juarez and her son, natives and citizens of Guatemala,

petition for review of an order from the Board of Immigration Appeals (BIA)

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal of the denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *See Umana-Escobar v. Garland,* 69 F.4th 544, 550 (9th Cir. 2023), *as amended.* "Where, as here, the BIA dismissed an appeal, agreed with several of the [Immigration Judge's] findings, and added its own reasoning, we review the decisions of both the BIA and the IJ to the extent that the BIA agreed with the IJ's conclusions." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation, alterations, and internal quotation marks omitted).

**1.** Substantial evidence supports the determination that Lapoyeu Juarez failed to establish that the government was unwilling or unable to protect her.[1] Police repeatedly responded to Lapoyeu Juarez's reports concerning her sister's husband, and even issued a restraining order against him. On this record we are not compelled to conclude that the government is unable or unwilling to protect

---

[1] Contrary to the Government's contention, this issue was exhausted. Lapoyeu Juarez's appellate brief to the BIA, contending that she faces persecution if returned to Guatemala because police will not protect her, sufficiently raised the issue, and the BIA addressed it on the merits. *See Garcia v. Lynch*, 786 F.3d 789, 793 (9th Cir. 2015) (noting that exhaustion is not applied formalistically); *see also Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (explaining that exhaustion requirement is met if the BIA chooses to consider an issue on the merits despite a procedural default).

23-2238

Lapoyeu Juarez. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064-65 (9th Cir. 2020) (recognizing that Guatemalan justices of the peace issued restraining orders and ordered police protection for abuse victims). This conclusion forecloses both her asylum and withholding of removal claims. *See id*. at 1065.[2]

2. Substantial evidence supports the denial of CAT relief. Lapoyeu Juarez did not establish that she would more likely than not be tortured if she returned to Guatemala. As the IJ found, Lapoyeu Juarez's past experiences of being threatened and kicked once by her sister's husband do not rise to the level of torture, which is "reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022), *as amended* (citation omitted). Additionally, there is no indication that the two men she previously had problems with have an interest in harming her now, many years after she left Guatemala. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029-30 (9th Cir. 2019).

**PETITION DENIED.**[3]

---

[2] Because the conclusion that the Guatemalan government is not unwilling or unable to assist Lapoyeu Juarez is determinative, we do not address her other arguments on appeal. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) (noting that courts and agencies are not required to decide issues unnecessary to the results they reach).

[3] The temporary stay of removal shall remain in place until the mandate issues. Lapoyeu Juarez's Motion for Stay of Removal is otherwise denied.

23-2238